UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **NECIA LYN BATTENFIELD** | : | **CIVIL ACTION NO. 2:11-cv-1537** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **WAL-MART STORES, INC., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is the Motion to Remand by plaintiff, Necia Lyn Battenfield. Doc. 19. The court heard oral arguments on the motion on April 26, 2012. For the reasons set forth below, the motion is DENIED.

### Background

On August 5, 2010, plaintiff was shopping at a Wal-Mart store in Lake Charles, Louisiana. She alleges that she slipped on spilled cola while shopping in the infant department of the store and sustained serious injuries. Doc. 1, Att. 2.

Plaintiff describes the alleged spill as large in size, covering a large area of the floor and streaking down several aisles. She states that she overheard a Wal-Mart employee say that this area of the store was unsupervised that day and had not recently been cleaned. Plaintiff also states that she later learned that the manager of infant department was on vacation the day of the alleged incident. Doc. 19, Att. 1, pp. 3–4.

Plaintiff filed suit on August 5, 2011, in the 14th Judicial District Court in and for the Parish of Calcasieu, State of Louisiana.  She named Wal-Mart,[1] as well as two Wal-Mart employees, Krystal Jones and Charlene Trahan, as defendants.  Doc. 1, Att. 2.

Krystal Jones was the shift manager on duty when the alleged incident occurred.  Plaintiff alleges that Jones is personally liable for the injuries she sustained because Jones was in charge of the daily operations of the store.  The specific allegations against Jones are as follows:

(1)   Failure to properly supervise employees to provide a safe environment,

(2)   Failing to inspect the premises,

(3)   Failing to warn the plaintiff of the unsafe condition when Jones knew or should have known of the unsafe condition,

(4)   Failing to delegate the inspection and cleanup of the area,

(5)   Violating Wal-Mart's policy of inspecting and cleaning the aisles,

(6)   Allowing the liquid to be in the aisle for at least thirty-four minutes,

(7)   Allowing spoliation of video evidence, and

(8)   Any other acts of negligence to be proven at trial.

Doc. 1, Att. 2, p. 6.

Plaintiff also names Charlene Trahan as a defendant and advances substantially similar allegations of negligence against Trahan as she does against Jones.  Doc. 1, Att. 2, pp. 2–3.  Plaintiff concedes, however, that she mistakenly named Trahan as a defendant, believing her to be Charlene Marshall, the manager of the infant department that was on vacation the day of the alleged accident.  Plaintiff further concedes that Trahan should be dismissed from this suit.  Doc. 19, Att. 1, p. 4.

---

[1] Plaintiff names Wal-Mart Louisiana, L.L.C. and Wal-Mart Stores, Inc. as defendants.  However, for simplicity, the court collectively refers to these defendants as "Wal-Mart."

Wal-Mart removed the case to this court on August 23, 2011.  It alleges this court has jurisdiction on the basis of diversity.  Wal-Mart recognizes that there is an absence of complete diversity between the parties as Jones is domiciled in Louisiana.  It argues, however, that Jones should not factor into this court's jurisdictional analysis because she was improperly joined in the case.  Doc. 1.

Wal-Mart argues that the allegations of the petition which pertain to Jones speak exclusively to her supervisory and/or administrative responsibilities.  Moreover, they argue that Louisiana law will not impose personal liability on Jones under such circumstances.  If Louisiana law would not impose liability against Jones, Wal-Mart contends, then dismissal of Jones is warranted and her domicile should not be considered in determining whether diversity subject matter jurisdiction exists.

Plaintiff filed a Motion to Remand on February 12, 2012, on the basis that there is an absence of complete diversity.  Doc. 19.  As previously discussed, plaintiff concedes that dismissal of Trahan is warranted.   However, she maintains that Jones was properly joined as a defendant.  Plaintiff argues that sufficient facts have been set forth such that this court could reasonably predict that a jury could find Jones personally liable.  Thus, she contends, Jones's domicile should be considered when determining whether this court has jurisdiction, and because Jones is a non-diverse defendant, remand is proper.  Doc. 19, Att. 1.

## Law and Analysis

A. **Subject Matter Jurisdiction:**

District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332(a)(1).  Removing defendants must demonstrate by a preponderance of

the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). There is no apparent dispute between the parties as to whether the jurisdictional amount in controversy is satisfied. In any event, it is facially obvious from Plaintiff's original petition that the claim for damages satisfies the requisite jurisdictional amount. *See Lucket v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999). The diversity provisions of 28 U.S.C. § 1332(a)(1) requires complete diversity among the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Federal courts have jurisdiction even when the parties are not completely diverse if the non-diverse defendant has been improperly joined. 28 U.S.C. § 1441(b)(2); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004). In such cases, the removing party must show, *inter alia*, either: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999). Only the latter method is of concern in this instance.[2]

The proper test is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. Factual allegations are to be viewed in the light most favorable to the plaintiff; however, "conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to defeat a properly

---

[2] Wal-Mart argues that several allegations of the petition constitute "actual fraud" as understood under the first method of demonstrating improper joinder of a defendant. Doc. 27, pp. 8–9. However, this method of proving improper joinder is limited to the pleading of "jurisdictional facts." *Travis*, 326 F.3d at 647 (citation omitted). While Wal-Mart believes that plaintiff misstated certain facts in the case, there is no indication that these are necessarily "jurisdictional" in nature. As such, the undersigned will address these claims under the second method of demonstrating improper joinder of a defendant by asking whether plaintiff has any possibility of recovery under these theories.

supported claim of fraudulent joinder." *Fry v. Am. Gen. Fin., Inc.*, 307 F.Supp.2d 836, 844 n.6 (S.D. Miss. 2004) (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 392–39 (5th Cir. 2000)). Plaintiffs must show more than a mere theoretical possibility of recovery. *See Irby*, 326 F.3d at 648 (citations omitted).

In conducting this analysis, courts should "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." *Cavallini v. State Farm Mut. Auto. Ins. Co.,* 44 F.3d 256, 263 (5th Cir. 1995). However, the standard applied in evaluation is "closer to the Rule 12(b)(6) standard," *McKee v. Kan. City S. Ry. Co.,* 358 F.3d 329, 333-34 (5th Cir. 2004), where plaintiffs are prohibited from "rest[ing] upon the mere allegations or denial of [their] pleadings." *Beck v. Tex. State Bd. of Dental Exam'rs,* 204 F.3d 629, 633 (5th Cir. 2000).

### B. Applicable Substantive Law:

The parties agree that the applicable substantive law was articulated by the Supreme Court of Louisiana in *Canter v. Koehring Company*, 283 So.2d 716 (1973), which elucidated the criteria under which an officer, agent or employee may be liable to a third party. Individual liability may be imposed if the following are satisfied:

1. The principal or employer owes a duty of care to the third person (which in this sense includes a co-employee), breach of which has caused the damage for which recovery is sought.

2. This duty is delegated by the principal or employer to the defendant.

3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances—whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary

    care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

*Id.* at 721. Thus, the question in this case is whether there is a reasonable basis for the court to predict that plaintiff might be able to recover from Jones consistent with the requirements articulated by the *Canter* court. In making this determination, the court will conduct a summary judgment type review to determine whether plaintiff is likely to sustain a cause of action against her under any of the theories of liability previously articulated.

  **C. The Case Against Jones:**

Plaintiff's allegations against Jones can be grouped into several categories. Several allegations pertain to Jones's general responsibilities as a Wal-Mart employee, while others focus on her particular responsibilities as a manager. Plaintiff also makes two allegations that do not fit neatly into either the general or specific category—Jones permitted the spoliation of evidence, and Jones violated Wal-Mart policy regarding inspection and cleaning. Additionally, plaintiff outlines in brief several scenarios in which a jury could infer negligence on the part of Jones. These arguments will be considered in turn.

  **1. General Responsibilities:**

The plaintiff alleges that Jones failed to *inspect* the premises, failed to *warn* the plaintiff of the condition, and *allowed* the spill to remain on the floor. These allegations are logically

connected insofar as they pertain to her general role as employee and do not focus on her particular role as a manager. There is no indication whatsoever that Jones knew or should have known of the existence of the spill such that she could have been personally obligated to warn the plaintiff or to personally oversee any clean-up efforts. *See e.g. Thomas v. Wal-Mart Louisiana, LLC*, CIV.A. 11-367, 2011 WL 3418322, *2–*3 (W.D. La. Aug. 3, 2011) (finding a possibility of recovery against a manager only because she had knowledge of a hazard and failed to remedy it). While Jones has been delegated some degree of care by Wal-Mart, there is no indication that they have delegated to her the task of micro-managing the store.

### 2. Managerial Responsibilities:

Two of the allegations focus on Jones's employment as a shift manager—the failure to *supervise* employees and the failure to *delegate*. These allegations unquestionably seek to hold Jones responsible for her failure to perform general administrative responsibilities.

Upon further investigation, it becomes clear that plaintiff does not really seek to hold Jones liable on the theory that she failed to supervise the subordinates in the infant department. The real problem, plaintiff contends, is that Jones failed to delegate to subordinates the task of monitoring the infant department while the usual supervisor of that department, Charlene Marshall, was on vacation. Plaintiff argues that Wal-Mart has delegated vast authority to Jones in her position as shift manager. She submits that the deposition testimony demonstrates that Jones is responsible for the entirety of the store. Doc. 19, Att. 1, pp. 12–16.

Assuming that Louisiana law recognizes a cause of action for failure to delegate with due care, plaintiff has no possibility of recovery under this theory. Such a cause of action necessary implies that Jones has been delegated the responsibility to make decisions regarding further

delegation, which she has not. The deposition testimony makes several things clear.[3] When a department manager is off-duty or on vacation, the appropriate zone merchandising supervisor or assistant manager is responsible for ensuring that the responsibilities of the department manager are re-delegated to another employee, depending on the circumstances. Moreover, Jones's ability to make staffing decisions is significantly limited by the administrative decisions made by others above her pay grade. While the evidence may ultimately indicate that Wal-Mart suffers from a lack of adequate staffing and/or from a sub-standard chain of command that facilitates accidents on their premises, there is no indication that Jones was delegated responsibility for these failures to the extent they exist.

In any event, plaintiff has no possibility of recovering from Jones on the theory that she failed to delegate. *Canter* contemplates that responsible delegation may relieve an employee of personal liability; however, at no point does the *Canter* court suggest that the opposite is also true—that the failure to delegate alone may serve as a basis to impose personal liability. The employee must have owed "a personal duty to the plaintiff." And as the fourth *Canter* requirement makes clear, an employee cannot be held liable "simply because of his general administrative responsibility for performance of some function of the employment." 283 So. 2d at 721. The duty to delegate tasks to subordinate employees is a quintessential administrative task, and as such, the failure to delegate standing alone cannot serve as a basis for imposing liability.

Plaintiff directs the court to *Walker v. Schwegmann Giant Supermarkets, Inc.*, 95-1934, p. 6 (La. App. 4 Cir. 3/14/96), 671 So.2d 983, 987, wherein the court held plaintiff's "factual allegations support[ed] a cause of action against" the supermarket manager. However, *Walker* is

---

[3] Doc. 19, Att. 4; Doc. 27, Att. 3 (deposition of Craig Fontenot); Doc. 19, Att. 2; Doc. 27, Att. 4 (deposition of Krystal Jones); Doc. 19, Att. 6; Doc. 27, Att. 2 (deposition of Charlene Marshall).

distinguishable insofar as that court was confronted with an exception of no cause of action under the Louisiana Code of Civil Procedure. *Id.* at p. 3; 671 So.2d at 986. Such an exception is the rough equivalent of a Rule 12(b)(6) motion to dismiss. *Conner v. Kraemer-Shows Oilfield Services, LLC*, 2012 WL 2839452, at *5 (W.D. La. July 9, 2012). In both cases the court accepts the allegations of the petition as true and tests their legal sufficiency in terms of whether the law may afford relief. *Id.* While this court's inquiry is like a Rule 12(b)(6) analysis, it is expressly different insofar as this court undertakes to pierce the pleadings and consider summary judgment type evidence.

Plaintiff also points to the case of *Nine v. Harper*, 371 So.2d 320, 323 (La. Ct. App. 4 Cir. 1979), wherein the court found a question of material fact existed as to whether several defendant executive officers used due care in delegating tasks on a construction site. Only two courts have ever cited to this decision in over thirty years. *See Ford v. Elsbury*, 32 F.3d 931, 936 n.6 (5th Cir. 1994); *Dieter v. Hand*, 33 N.W.2d 772, 775 (Neb. 1983). This court is reluctant to conclude that *Nine* decision accurately reflects the current state of Louisiana law considering the overwhelming number of cases finding no personal liability on the part of employees acting in a supervisory capacity.

### 3. Spoliation of Evidence:

Plaintiff alleges that Jones allowed spoliation of video evidence. However, plaintiff has no possibility of recovering on this claim.

In order to make a prima facie case of spoliation, a plaintiff must demonstrate that the defendant intentionally or negligently destroyed evidence in order to deprive the plaintiff of its use. *See e.g. Arnold v. Brookshire Grocery Co.*, 2009-44, p. 2 (La. App. 3 Cir. 5/6/09), 10 So.3d 1279, 1280. Plaintiff has not alleged any facts that indicate that Jones knew or should have

known that evidence had been spoliated or was in the process of being spoliated. Similarly, plaintiff has not alleged that Jones personally spoliated evidence.

    4. **Violations of Wal-Mart Policy:**

Plaintiff alleges that Jones violated Wal-Mart policy regarding spills and inspection. However, plaintiff has no possibility of recovering on this claim.

There is no evidence, through deposition testimony or otherwise, identified any particular Wal-Mart policy that Jones violated, much less any evidence that the violation of that policy was causally related to plaintiff's alleged injuries. Moreover, the third *Canter* requirement requires the defendant to owe a "personal duty." While Jones owes the duty to Wal-Mart to abide by its corporate policies as an employee, plaintiff fails to demonstrate a legal basis for finding that Jones also owes this duty to the shopping public.

    5. **Inferences of Negligence:**

In her brief to the court, plaintiff hypothesizes that a jury could infer negligence on the part of Jones in a number of respects. Plaintiff could not recover under any of these theories, and as such, they do not support remand of the case.

Plaintiff submits that Jones could have affected a policy banning customers from consuming beverages on the shopping floor. This argument is unpersuasive insofar as plaintiff has not put forward any evidence that Jones has been given that authority. Moreover, such authority is inconsistent with the rest of her job description which concerns day-to-day operations, not corporate policy.

Plaintiff also argues that there is an issue of proper staffing, oversight, and training because the janitorial staff discovers spills and sometimes must tend to multiple spills at the same time. This argument is unavailing for a number of reasons. As an initial observation, it is

quite understandable, if not *expected*, that the janitorial staff would discover and tend to janitorial needs. Moreover, there is no indication that Jones established the policy with respect to spills, and the rationale is the same as the delegation argument. To the extent that the policy is ineffective *as written*, any accident attributable to the policy is not within the responsibility delegated to Jones. There is no allegation, much less evidence, that Jones wrote the policy. And finally, to the extent that the policy is ineffective *in practice*, there is no indication that Jones has been delegated the authority to effectuate changes such as increasing the size of the janitorial staff, adjusting the chain of command to better monitor the janitorial staff, changing the job description of janitors, etc.

## Conclusion

The court concludes that plaintiff improperly joined Krystal Jones as a defendant in this matter. The undersigned will issue a concurrent Report and Recommendation suggesting that Jones be dismissed from the case.

The court further concludes that it has subject matter jurisdiction on the basis of diversity as the parties are completely diverse in citizenship and the amount in controversy exceeds the $75,000 requirement. Thus, the Motion to Remand is DENIED.

Plaintiff's request for and attorneys' fees and costs is similarly DENIED.

THUS DONE this 8th day of March, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE